UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLAUDE L. GLASS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-72 |
| | ) | (Phillips) |
| STATE OF TENNESSEE, DHS, CSS, | ) | |
| LAJUANA M. KINCAID, | ) | |
| FRED WILLIAM KINCAID, JR., | ) | |
| SANDY NELSON, | ) | |
| KNOX COUNTY JUVENILE COURT CHILD | ) | |
| SUPPORT DIVISION, | ) | |
| DEMETRA HOLLOWAY, | ) | |
| LORETTA EVERETT, JACKIE KITTS, | ) | |
| MOLECULAR PATHOLOGY LAB, | ) | |
| KAREN WHITAKER, | ) | |
| KCDC, RONALD HUBBARD, | ) | |
| CATHERINE QUIST, STAN BRIGGS, | ) | |
| KNOX COUNTY CHANCERY COURT, | ) | |
| WARREN JASPER, KEVIN TEFFETELLER, | ) | |
| ALEXIS SMITH, THOMAS MULLINS, | ) | |
| BILL LOCKETT, TIMOTHY IRWIN, | ) | |
| TENNESSEE CLAIMS COMMISSIONER, | ) | |
| YOUNG WILLIAMS CHILD SUPPORT | ) | |
| SERVICES, WILLIAM SHULTS, | ) | |
| MARSHA RICHESON, HOWARD G. HOGAN, | ) | |
| JOHN W. WEAVER, DAVID DUPREE, | ) | |
| ALTHEA CREEL, LAURA CANEDY, | ) | |
| LEE ANNE BRUCE BOONE, | ) | |
| ALVIN NANCE, ROGER HUBBARD, AND | ) | |
| RIDGEBROOK APARTMENTS, | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Claude Glass has filed his complaint, *pro se*, alleging "violations of his civil rights" and seeking damages pursuant to 42 U.S.C. § 1983. This matter is before the court on the motions to dismiss filed by the defendants asserting that plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons which follow, the defendants' motions are **GRANTED.**

Plaintiff filed this *pro se* complaint on February 26, 2010. Based upon the documents attached by plaintiff to his complaint, it appears that a Parentage Order was entered March 21, 2000, in the Juvenile Court for Knox County, Tennessee. The Order adjudicated that the plaintiff is the father of a certain child, and that plaintiff must pay child support for that child. The remainder of the documents attached to the complaint reflect that plaintiff has been unsuccessful in his appeals and various attempts in a variety of courts to collaterally attack that adjudication.

**I. Standard for Motion to Dismiss**

While complaints filed by *pro se* plaintiffs are to be liberally construed, "in a motion to dismiss for failure to state a claim, the court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Powell v. Denton*, 2010 WL 1491550, *2 (E.D.Tenn. Apr. 12, 2010) (citing F.R.C.P. 12(b)(6)). Under the

standard recently articulated by the United States Supreme Court, district courts are to engage in a two-step process when considering a motion to dismiss for failure to state a claim.  *Id.*  The first step is to identify any conclusory allegations in the complaint — "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id. quoting Ashcroft v. Iqbal,*, 129 S. Ct. 1937, 1949 (2009)); *see also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While "the court must accept all well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation."  *Powell,* at *2 (*quoting Twombly*, 550 U.S. at 555).

The second step of the analysis is "to determine whether the complaint pleads a claim to relief that is plausible on its face."  *Id. (quoting Iqbal,* 129 S.Ct. at 1949).  "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  To be considered plausible, a claim must be more than merely conceivable and the factual allegations "must be enough to raise a right to relief above the speculative level ...."  *Little v. Nationwide Children's Hosp., Inc.,* 2009 WL 4261215, *3 (S.D.Ohio Nov. 25, 2009) (*quoting Twombly,* 550 U.S. at 555*).*

To state a cause of action under 42 U.S.C. § 1983,  plaintiff must allege the "deprivation of rights secured by the United States Constitution or a federal statue by a person who is acting under color of state law."  *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). Whether state action is present in a case involving private parties depends on

3

whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). Although the court is required to read *pro se* complaints liberally, *(see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)), a plaintiff must plead specific facts backing up his claims of civil rights violations. Although it is true that private parties jointly engaged with state or local officials in prohibited conduct can be said to act under color of state law, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970), general allegations of cooperation between private individuals and government agencies do not make out a claim of action taken under color of law. In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail. *Glaros v. Perse,* 628 F.2d 679 (1st Cir. 1980); *Colburn v. Upper Darby Township,* 883 F.2d 663 (3rd Cir. 1988).

### III. Individual Defendants

Plaintiff appears to be alleging violation of his civil rights in connection with a state court paternity action from approximately ten years ago, and subsequent appeals and collateral proceedings. The complaint contains very few factual allegations and instead mostly consists of arguments, legal conclusions, and a lengthy procedural history of several judicial and administrative proceedings that followed the original paternity action. Plaintiff's reasons for suing defendants, Sandy Nelson, Jackie Kitts, Ronald Hubbard, Catherine Quist, Stan Briggs, Kevin Teffeteller, Alexis Smith, Timothy Irwin, Roger Hubbard, Karen Whitaker, Laura Canedy, Ridgebrook Apartments, Molecular Pathology Laboratory Network, Inc., KCDC, Alvin Nance, William S. Lockett, Thomas Mullin, Demetra Holloway and Loretta Everett, cannot be ascertained from the complaint. They are not identified

4

anywhere in the text of the complaint and there is no description of how any of these defendants harmed plaintiff. There is no allegation or assertion anywhere in the complaint that these defendants owed any legal obligation to plaintiff, much less that these defendants violated any such obligation to plaintiff. Moreover, there is no allegation that any of these defendants are "state actors" or that any of them acted "under color of state law." Under the most liberal of interpretations, plaintiff's complaint fails to say who these defendants are and what they did to deprive him of a federally protected right.

Plaintiff has not articulated any specific claim against the individual defendants in his complaint, apparently relying on the court to dig through his meandering assertions to identify a claim under which he can recover. As stated by the District Court for the Southern District of Ohio, this is not the role of the courts:

> [Courts] cannot construct possible but potentially not asserted claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The court's role is to adjudicate disputes, not assist in asserting them.

*Little,* 2009 WL 4261215 at *4. Because plaintiff's complaint fails to meet the requirements of Rule 8(a), Federal Rules of Civil Procedure, in both form and substance, it will be **DISMISSED** against these defendants.

Based on plaintiff's complaint, it appears that defendant Lajuana M. Kincaid is the mother of the child who is the subject of the Parentage Order. Defendant Fred William Kincaid, Jr., appears to be Lajuana Kincaid's husband. Other than these facts, plaintiff's complaint does not contain any specific allegations against the Kincaids. As

stated above, "general allegations of cooperation between private individuals and government agencies do not make out a claim of action taken under color of law. In particular, the nature of the relationship or cooperation between the state and private parties must be pled in detail." *Glaros v. Perse,* 628 F.2d 679 (1st Cir. 1980); *Colburn v. Upper Darby Township,* 883 F.2d 663 (3rd Cir. 1988). Accordingly, the claims against the Kincaids will be **DISMISSED** as well.

### IV. State Defendants

The state officials, William Shuts, Marsha Richeson, Chancellor John Weaver, Althea Creel, Lee Ann Boone, and Warren Jasper, assert that plaintiff's complaint should be dismissed against them because none of them are mentioned by name in the complaint. The Attorney General, on behalf of the State of Tennessee, and the Department of Human Services (DHS), asserts that plaintiff has failed to articulate any claims against DHS or the State. Moreover, these defendants argue that all claims against the State, its agencies and officials are barred by sovereign immunity.

It is well established that under the Eleventh Amendment, neither a state nor its agencies may be sued for money damages in federal court unless the state has waived its sovereign immunity or Congress has overridden it. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). Insofar as the complaint herein asks for money damages and names the State of Tennessee, the Tennessee Claims Commissioner, and a state agency, DHS, these State defendants enjoy sovereign immunity from such claims. The Eleventh Amendment bars federal suits for

monetary relief against state officials unless the state has waived its sovereign immunity. *Edelman* at 662-63; *Whittington* at 193. This is because a suit for monetary relief against a state official is considered a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In addition, state officials sued for monetary relief are not "persons" for the purposes of a claim alleging the violation of civil rights:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.

*Id.* Here, Tennessee has not waived its sovereign immunity. *See* Tenn. Const. art. I, § 17; Tenn. Code Ann. § 20-13-102(a). Accordingly, the complaint, as it seeks relief against the State, its agencies and officials[1], will be **DISMISSED** for failure to state a claim and for lack of subject matter jurisdiction.

## V. Knox County Defendants

Plaintiff has also named as defendants in his complaint, CSS, Knox County Juvenile Court Child Support Division, Knox County Chancery Court, and Young Williams Child Support Services, all of which appear to be agencies of Knox County, Tennessee involved in the Paternity Order. These claims are dismissed on the basis of the *Rooker-Feldman* doctrine.

---

[1] Although the Attorney General's motion to dismiss did not address any claim against the Tennessee Claims Commissioner, the court finds that the Commissioner is also a state official, and that the complaint should be dismissed against the Commissioner as well.

The *Rooker-Feldman* doctrine holds that a federal court cannot exercise appellate review of a state court decision. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

> *Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over a state court judgment, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority. In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal question jurisdiction, called upon the district court to overturn an injurious state court judgment. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme Court], the district courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction.

*Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-92 (2005). *Rooker-Feldman* applies "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

The key inquiry in deciding whether *Rooker-Feldman* applies is determining the source of the plaintiff's alleged injury. "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* at 393. The claims against the Knox County defendants are challenges to state court orders which are barred by the *Rooker-Feldman* doctrine. Here, plaintiff is "suing all the defendants on the grounds that plaintiff's

8

Constitutional rights protected by the Fourteenth Amendment's due process and taking clauses is being violated by the Courts of Tennessee and the defendants failure to comply with the requirements of Title IV-D, the Fourth Amendment due process and taking clause, Fifth Amendment taking clause as applied to the States by the Fourteenth Amendment and the plaintiff being held to double standards and procedures." The alleged injury by plaintiff in these allegations is a direct result of the judicial orders issued by the Knox County defendants and fails to assert an "independent claim" that would bring the case outside the ambit of *Rooker-Feldman*. *See Exxon Mobile*, 544 U.S. at 293 (finding that if a plaintiff "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction ...."). Plaintiff alleges that the orders issued by the Knox County defendants violated his constitutional rights. This court cannot consider "whether a state court judgment itself was unconstitutional." *McCormick*, 451 F.3d at 395. Accordingly, the claims against the Knox County defendants are hereby **DISMISSED.**

**VI. Conclusion**

For the reasons stated above, the motions to dismissed filed by the defendants [Docs. 14, 24, 35, 37, 40, 42] are **GRANTED,** and this action is **DISMISSED WITH PREJUDICE.**


**VII. Plaintiff's Motion for Removal of Records from the State of Tennessee**

Finally, plaintiff has moved the court for an order that the records held at the Tennessee Appellate Court Clerk's Office be transferred or filed with the United States District Court Clerk's Office in the "ongoing pending case before this court." In light of the dismissal of plaintiff's complaint against all defendants, the court **DENIES** plaintiff's motion [Doc. 44].

A judgment consistent with this opinion shall issue.


                                  **ENTER:**

                                        s/ Thomas W. Phillips
                                      United States District Judge