UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLAUDE L. GLASS, | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CV-072 |
| V. | ) (PHILLIPS/GUYTON) |
| STATE OF TENNESSEE, *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 49] referring the Motion for Attorney Fees [Doc. 47], filed by Defendant Ridgebrook Apartments, Defendant Karen Whitaker, and Defendant Laura Canedy, to this Court for report and recommendation.

I. **BACKGROUND**

The Plaintiff filed this *pro se* Complaint [Doc. 1] on February 26, 2010, alleging "violations of his civil rights" and seeking damages pursuant to 42 U.S.C. § 1983. The Plaintiff attached almost one-hundred and fifty pages of documents to the Complaint. These documents indicate that a Complaint to Establish Parentage [Doc. 1-1 at 25], was filed in the Juvenile Court for Knox County, Tennessee, on October 14, 1999. A Parentage Order [Doc. 1-1 at 27-28] was entered declaring the Plaintiff the legitimate father of a minor child, A.H.K., on March 21, 2000. The remainder of the documents attached to the Complaint reflect that the Plaintiff has been unsuccessful in his appeals and various attempts to collaterally attack the Parentage Order, in a variety of courts.

On March 30, 2011, the District Judge granted the Motion to Dismiss [Doc. 14], filed by Defendant Ridgebrook Apartments, Defendant Karen Whitaker, and Defendant Laura Canedy, along with motions to dismiss filed by the other defendants in this case. [Doc. 45]. The Court ordered that this matter be dismissed with prejudice [Doc. 45], and the Clerk of Court entered a Judgment [Doc. 46], directing that the Plaintiff take nothing.

## II.	ANALYSIS

On April 20, 2011, Defendant Ridgebrook Apartments, Defendant Karen Whitaker, and Defendant Laura Canedy, (hereinafter, collectively "the Defendants"), filed the instant Motion for Attorney Fees [Doc. 47]. For the reasons stated below, the Court finds that the Motion for Attorney Fees is well-taken, and the Court will **RECOMMEND** that it be **GRANTED**.

### A.	Plaintiff's Objection to the Referral to and Jurisdiction of the Magistrate Judge

Initially, the Court notes that the Plaintiff has filed a document entitled "Plaintiff's Non-Consent to Referral of Magistrate Judge and Objection to Ruling or Orders" [Doc. 52], stating that the Plaintiff does not consent to the undersigned "presiding over this matter (case)." This filing further alleges that the undersigned has a conflict of interest due to his former employment with a law firm representing other defendants in this matter.

The Court has examined this filing and finds that it is not well-taken. The undersigned does not have a conflict of interest in this case and will issue a report and recommendation to the District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (B)-(C) and the Order of Referral [Doc. 49] entered by the District Judge.

B.   **Failure to Respond in Opposition**

The instant motion was filed on April 20, 2011. Local Rule 7.1 requires that the Plaintiff filed his response within fourteen (14) days, and the Federal Rules of Civil Procedure allow an additional three (3) days for filing a response where a filing is made electronically, see Fed. R. Civ. P. 6(d), 5(b)(2)(E). Thus, the Plaintiff had seventeen (17) days in which to respond to the Motion for Attorney Fees. Seventeen (17) days have elapsed without the Plaintiff filing his response to the motion.

Pursuant to Local Rule 7.2, the Plaintiff's failure to respond may be treated as acquiescence to the relief sought, E.D. Tenn. LR 7.2. Thus, the Court could grant the Motion for Attorney Fees based solely upon the Plaintiff's failure to respond in opposition to the relief requested. Notwithstanding, the Court will examine the substance of the Motion for Attorney Fees below.

C.   **Appropriateness of an Award of Fees**

A district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court of the United States has held that "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." Smith v. Smythe-Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417-18 (1978)). Thus, the Court of Appeals has directed that "a prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994) (internal quotation omitted).

In this case, the Court must also be mindful that the fact that a *pro se* plaintiff's complaint "cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees," because "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes v. Rowe, 449 U.S. 5, 15 (1980). With this rule in mind, the Court of Appeals for the Sixth Circuit has directed that district courts "should afford the pleadings submitted by a *pro se* plaintiff some leniency when determining whether attorney fees in favor of the defendant are warranted." Williams v. City of Southfield, 99 Fed. App'x 44, 46 (6th Cir. 2004).

The Court finds that the factual and legal deficiencies in this case were not merely "subtle factual or legal deficiencies." As the District Judge stated in his opinion:

> Plaintiff appears to be alleging violation of his civil rights in connection with a state court paternity action from approximately ten years ago, and subsequent appeals and collateral proceedings. The complaint contains very few factual allegations and instead mostly consists of arguments, legal conclusions, and a lengthy procedural history of several judicial and administrative proceedings that followed the original paternity action. Plaintiff's reasons for suing defendants, Sandy Nelson, Jackie Kitts, Ronald Hubbard, Catherine Quist, Stan Briggs, Kevin Teffeteller, Alexis Smith, Timothy Irwin, Roger Hubbard, Karen Whitaker, Laura Canedy, Ridgebrook Apartments, Molecular Pathology Laboratory Network, Inc., KCDC, Alvin Nance, William S. Lockett, Thomas Mullin, Demetra Holloway and Loretta Everett, cannot be ascertained from the complaint. They are not identified anywhere in the text of the complaint and there is no description of how any of these defendants harmed plaintiff. There is no allegation or assertion anywhere in the complaint that these defendants owed any legal obligation to plaintiff, much less that these defendants violated any such obligation to plaintiff. Moreover, there is no allegation that any of these defendants are "state actors" or that any of them acted "under color of state law." Under the most liberal of interpretations, plaintiff's complaint fails to say who these defendants are and what they did to deprive him of a federally protected right.

[Doc. 45 at 4-5].

The Plaintiff did not state any prayer for relief against the Defendants, who brought the instant motion, nor did the Plaintiff in any way demonstrate that they were state actors, which is essential to a successful civil rights claim, see Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001)("To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States.") This lack of foundation is indicative of the frivolousness of this suit and supports an award of attorney's fees.

In N.E. v. Hedges, 391 F.3d 832 (6th Cir. 2005), the Court of Appeals for the Sixth Circuit addressed a case similar to the instant matter, wherein a biological father brought a *pro se* action against biological mother, stepfather, and county attorney seeking to terminate his duty to pay child support for biological son based on argument that statute imposing duty was unconstitutional. The Court of Appeals found that the lower court did not abuse its discretion in awarding attorney's fees against the *pro se* plaintiff in Hedges because the plaintiff's theory had "no chance of success." Id. at 836.

The Plaintiff's claims against Defendant Ridgebrook Apartments, Defendant Karen Whitaker, and Defendant Laura Canedy had an even lower chance of success, because layered on top of the unlikelihood of success on the prayers for relief from the finding of paternity was the fact that many of the defendants, including the Defendants who now seek attorney's fees, were never shown to be state actors or shown to have had any involvement in the underlying paternity suit.

The Court finds that, even affording a degree of leniency based upon the Plaintiff's *pro se* status, the Plaintiff's action against the Defendants "was frivolous, unreasonable, or without foundation." Accordingly, the Court finds that the Defendants' request for an award of attorney's fees, pursuant to 42 U.S.C. § 1988 is well-taken.

**D.        Reasonableness of the Fees Requested**

The Court will now turn to the reasonableness of the attorney's fee award requested in this case. In making this determination, the Court must start with the "lodestar" figure, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). There is a "strong presumption that the lodestar figure . . . represents a 'reasonable' fee." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

However, district courts may take other factors into account in calculating reasonable attorney's fees. Graceland Fruit, Inc. v. KIC Chemicals, Inc., 320 Fed. App'x. 323, 329 (6th Cir. 2008). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Graceland Fruit, 320 Fed. App'x. 323at 329 (quoting Blanchard v. Bergeron, 489 U.S. 87, 91 n. 5, (1989)).

The Court has examined the Defendants' proposed lodestar total of **$3,888.00**, as calculated using an hourly rate of $240.00 for a senior partner with seventeen years of experience. [Doc. 47-1 at 1-2]. The Defendants have produced sufficiently detailed records of the hours expended in this case. [Doc. 47-1 at 5-6], and the Court finds this calculation to be accurate and entitled to a strong presumption of reasonableness.

Moreover, examining the pertinent factors, the Court finds the lodestar method produces a reasonable fee. The Court finds that the hourly rates charged are reasonable given the subject of this suit and the customary rates in this district. The Court has reviewed the hours expended in this case, and the Court finds that the hours are sufficiently documented and were reasonably expended on necessary pleadings and actions in this case. Moreover, the Defendants successfully defended this action and received their desired relief, a dismissal.

## III. CONCLUSION

Based upon the foregoing, the Court finds that the Motion of Defendants Ridgebrook Apartments, Karen Whitaker, and Laura Canedy for Attorney Fees **[Doc. 47]** is well-taken, and the Court **RECOMMENDS**[1] that it be **GRANTED** and the Defendants be awarded **$3,888.00**, representing the attorney's fees incurred in this matter.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).